**Dennis TURNER, Plaintiff,**

v.

**Kelly SULLIVAN, et al., Defendants.**

**Civil Action No. 95–11539–JLT.**

United States District Court,
D. Massachusetts.

Aug. 15, 1996.

Henry C. Dinger, Robert N. Driscoll, Christopher T. Holding, Goodwin, Proctor & Hoar, Boston, MA, Dennis Turner, West Concord, MA, Eugenia M. Carris, Goodwin,

---

Procter & Hoar, Boston, MA, for Dennis Turner.

John M. Townsend, Suffolk County Sheriff's Department, Special Assistant Corporation Counsel, Boston, MA, E. David Susich, Suffolk County Sheriff's Department, Boston, MA, for Robert Rufo, John M. Twomy, Walsh, Sergeant, Healy, C.O., J. Nolan, Townsend, Sgt., Sean Roberts, Julius, Sgt., Dakas, Sgt., K. Sullivan, McNeily, R. Barrows, Suffolk County House of Corrections Health Care Service, Charles Goodman, A. Morganelli, John Clasby, Marilyn Pannicia.

John M. Townsend, Suffolk County Sheriff's Department, Special Assistant Corporation Counsel, Boston, MA, for William Mason, Horace Cunningham, John W. Creamer, Paul Davis.

Lawrence F. Boyle, Morrison, Mahoney & Miller, Boston, MA, for Correctional Healthcare Solutions, Inc.

Bruce R. Henry, Morrison, Mahoney & Miller, Boston, MA, for Ronald I. Goldberg, Goldberg Medical.

## MEMORANDUM

TAURO, Chief Judge.

Plaintiff Dennis Turner brings suit against various Defendants alleging inadequate medical treatment, deprivation of access to the courts, and use of excessive force. Presently before the court is Defendants' Motion for Referral to State Court for the Convening of a Medical Malpractice Tribunal.

Turner asserts, *inter alia,* claims against Defendants for relief under 42 U.S.C. § 1983, Count I, and a claim for medical malpractice, Count VI. Because Count I of Turner's complaint alleges violations of section 1983, this court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. The court has supplemental jurisdiction over Count VI pursuant to 28 U.S.C. § 1367(a).

Defendants request that Count VI be referred to the state medical malpractice tribunal under Mass.Gen.Laws ch. 231 § 60B. Section 60B provides that every action for malpractice against a provider of health care shall be heard by a tribunal "to determine if the evidence ... is sufficient to raise a legitimate question of liability appropriate for judicial inquiry or whether the plaintiff's case is merely an unfortunate accident. Mass. Gen.L. ch. 231, § 60B.

In support of their motion, Defendants rely on the First Circuit's decision in *Feinstein v. Massachusetts General Hospital,* 643 F.2d 880 (1st Cir.1981). In *Feinstein,* the court held that in a diversity action referral to a medical tribunal under section 60B was required. The court reasoned:

> We conclude that refusing to apply the Massachusetts medical malpractice statute in the federal courts would undercut Massachusetts' efforts to remedy the insurance crisis that prompted passage of the statute, a result that is inconsistent with the principles of federalism underlying the Rules Decision Act and the Erie decision.

*Id.* at 886.

Turner maintains that *Feinstein* is inapposite because jurisdiction over Count VI is supplemental to a properly asserted section 1983 claim, as opposed to diversity. The court disagrees. As was true in *Feinstein,* the medical malpractice claim asserted in Count VI involves an allegation of negligence based on state law. That is the controlling factor, not the circumstances that causes this court to have subject matter jurisdiction. *See Hamilton v. Roth,* 624 F.2d 1204 (3rd Cir.1980).

Accordingly, Defendants' motion to refer Count VI to a medical tribunal pursuant to section 60B is ALLOWED.

An order will issue.

## ORDER

For the reasons stated in the accompanying memorandum, the court hereby orders as follows:

1. Defendants Ronald I. Goldberg, M.D. and Goldberg Medical Associates, Inc.'s Motion for Referral to State Court for the Convening of a Medical Malpractice Tribunal is ALLOWED; and

2. The Clerk of the United States District Court for the District of Massachusetts shall refer Count VI of Plaintiff's complaint to the

Suffolk County Superior Court for the convening of a medical malpractice tribunal in accordance with Mass.Gen.Laws, ch. 231 § 60B.

IT IS SO ORDERED.